IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REGINA BRYANT, | Case No. 1:24-CV-1135 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | MEMORANDUM OPINION AND ORDER |
| SECRETARY OF VETERANS AFFAIRS DENIS MCDONOUGH, | |
| Defendant. | |

# INTRODUCTION

Currently pending is Defendant Secretary of the United States Department of Veterans Affairs Denis McDonough's ("Defendant" or "the Secretary") Partial Motion to Dismiss Plaintiff's Complaint. (R. 7). Plaintiff Regina Bryant ("Plaintiff" or "Bryant") filed a Response (R. 8) to the Secretary's motion, to which the Secretary replied (R. 10). For the following reasons, the Secretary's Motion is GRANTED. Further, as developed below, because the granting of that motion necessarily precludes Plaintiff from proceeding with her remaining claims, this entire action is DISMISSED.

# BACKGROUND

Plaintiff is employed by the United States Department of Veterans Affairs ("VA") as a Sterile Processing Tech within the Sterile Processing Department at Louis Stokes Cleveland Department of Veterans Affairs Medical Center in Cleveland, Ohio. (R. 1 Page ID#: 2). On August 17, 2021, Bryant alleges that she overheard coworkers discussing

$2,500 bonuses they had received. (*Id.*, Page ID#: 4). Bryant contends that she and another coworker, Vanessa Smith, both of whom Plaintiff identifies as disabled, did not receive the bonus. *Id.*

On August 24, 2021, Bryant's coworker accused Bryant of bullying and threatening her. R. 1 Page ID#: 4; R. 1-1 Page ID#: 10. On September 6, 2021, Bryant's supervisor, temporarily assigned Bryant to a different department while an investigation of the co-worker's claim was pending, and Bryant returned to the Sterile Processing Department on November 19, 2021. R. 1 Page ID#: 4; R. 1-1 Page ID#: 10. Meanwhile, Bryant initiated Equal Employment Opportunity ("EEO") counseling with the VA, on October 7, 2021, and on October 26, 2021, she filed a formal EEO complaint. R. 1-1 Page ID#: 9. In that complaint, Bryant alleged that (1) her co-worker's accusation and her supervisor's reassignment constituted a hostile work environment based on disability and (2) that her supervisor's reassignment was retaliation against Bryant for her prior EEO activity in 2019. *Id.* Page ID#:10. The Equal Employment Opportunity Commission ("EEOC") ultimately granted the VA's motion for summary judgment on all claims on April 10, 2024. *Id.* Page ID#: 9–13.

Plaintiff alleges that on December 20, 2021, she attempted to email the EEO case manager to amend her EEO complaint to include a new retaliation claim based on the August 2021 bonus denial. R. 8 Page ID#: 58. She further claims she sent additional emails between January and April 2022 requesting that the agency accept the amendment, but that no agency official responded in writing. *Id.* Page ID#: 54–61.

Bryant's complaint in this Court asserts claims for: defamation of character, harassment, false accusation of bullying, discrimination based on bullying, emotional

anguish, and mental distress. R. 1 Page ID#: 1. The complaint goes on to allege reprisal for prior EEO activity (i*d.*, Page ID#: 3) and discrimination in denying her a bonus. *Id.*, Page ID#: 4-5. The Secretary moves to dismiss Bryant's defamation claim under Fed. R. Civ. P. 12(b)(1), and her bonus-related discrimination and retaliation claims under Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

### A. Subject Matter Jurisdiction

"Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). Federal courts possess limited jurisdiction stemming from the authority granted to them by the Constitution and by federal statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even if no party challenges it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). When a defendant raises the lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990).

### B. Failure to State a Claim Upon Which Relief Can Be Granted

"[A] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). When ruling on a defendant's 12(b)(6) motion, a court accepts the plaintiff's well-plead factual allegations as true and construes them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009); *see also Gunasekera v. Irwin*,

551 F.3d 461, 466 (6th Cir. 2009). These allegations need only be enough to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility" is not a mere showing of a "possibility of misconduct"—the complaint must contain facts that demonstrate "something more" than a mere suspicion of a legally cognizable claim. *Iqbal*, 556 U.S. at 679; *Twombly*, 55 U.S. at 555 (internal citation omitted). Finally, an affirmative defense may be raised in a 12(b)(6) motion "where the defense clearly appears on the face of the [complaint]." *Pierce v. Oakland Cty.,* 652 F.2d 671, 672 (6th Cir. 1981).

## LAW AND ANALYSIS

A. **Preliminary Observations**

1. **The Rehabilitation Act of 1973, not Title VII of the Civil Rights Act of 1964, governs disability discrimination claims by federal employees.**

Because the federal courts are courts of limited jurisdiction, they have a duty to ascertain whether they have subject matter jurisdiction to hear a claim in the first place. *Hertz*, 559 U.S. at 94. In cases arising under the laws of the United States, a district court must ascertain under which law they are granted the authority to hear a case. 28 U.S.C. § 1331. Here, both parties point in their filings to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as the relevant statute for Bryant's disability harassment and reprisal claims. Bryant's first attached exhibit to her complaint (R. 1-2 Page ID#: 9), which is the order she received from the EEOC on April 10, 2024, as well as the Secretary's partial motion to dismiss (R. 7 Page ID#: 39), make this same claim. However, Title VII does not cover disability discrimination. The Rehabilitation Act of 1973 is "the exclusive remedy for a federal employee alleging disability-based discrimination." *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007); 29 U.S.C. § 791 *et*

*seq. See also* 29 C.F.R. § 1614.103(a).

Title VII and the Rehabilitation Act do not differ in their causation requirements nor the remedies available. *Bledsoe v. Tennessee Valley Auth. Bd. of Directors*, 42 F.4th 568, 580 (6th Cir. 2022); *see* 42 U.S.C. § 1981a. Likewise, the procedural requirements for recovery under both acts are identical. *See* 29 C.F.R. § 1614.103(a). The Court makes this clarification solely to ensure the legal basis for its jurisdiction and analysis is clearly stated. *Hertz,* 559 U.S. at 94.

2. **Denial of a discretionary bonus is not an "adverse employment action" for purposes of retaliation.**

For a plaintiff to have a valid retaliation claim under the Rehabilitation Act, she must show that she "(1) engaged in a protected activity; (2) that the defendant had knowledge of [her] protected conduct; (3) that the defendant took an adverse employment action toward [her]; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Chan v. PNC Bank*, No. 1:21-cv-00938, 2024 WL 1328610 at *6 (quoting *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008) (internal citations omitted)). Filing a discrimination claim with the EEOC is a protected activity. *Gribcheck v. Runyon,* 245 F.3d 547, 551 (6th Cir. 2001). "Adverse employment action is an action by the employer that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475, 479 (6th Cir. 2012). However, it does not include denial of bonuses to which an employee is otherwise not entitled, nor does it include eliminating or reducing merit-based bonuses. *Chan*, 2024 WL at *5 (citing *Primes v. Reno*, 190 F.3d 765, 767 (6th Cir. 1999)).

Bryant alleges the same set of facts for her disability discrimination and retaliation claims. R. 1 Page ID#: 4-5. She asserts that she was denied a $2,500 bonus that was allegedly given to "everyone on third shift" except Bryant and a coworker. *Id.* She further alleges that, on August 17, 2021, several coworkers in the sterile processing department discussed having received such bonuses. *Id.* at 4. Bryant does not allege in her Complaint or Response that she was *entitled to* the $2,500 bonus. As noted, denial of a discretionary or merit-based bonus, absent a showing of entitlement, does not constitute an adverse employment action. *Chan*, 2004 WL at *5.

Thus, the Court finds that Plaintiff's retaliation claim fails on the grounds that Plaintiff has not alleged an adverse employment action.

### 3. **Work reassignment as pled here is not an adverse employment action.**

In order for a work reassignment to constitute an adverse employment action, that reassignment must constitute a materially adverse change in plaintiff's employment. *Kocsis v. Multi-Care Management, Inc.*, 93 F.3d 876, 885 (6th Cir. 1996). Specifically, a reassignment that does not involve a change in salary or involve materially diminished responsibility is not an adverse employment action. *Id.*

Here, Plaintiff's hostile work environment claim, as well as her emotional anguish and mental distress claims, all arise from the allegation that in retaliation for making a prior EEO complaint, Plaintiff's supervisor reacted to an allegedly false accusation of bullying against Plaintiff by reassigning Plaintiff to a different department without investigating the accusation. R. 1, Page ID#: 4.

While it is true that, at the pleading stage, a plaintiff alleging discrimination is not required to fully prove their *prima facie* case; it is also true that under the plausibility

standard established in *Iqbal*, a plaintiff must allege sufficient facts from which the court may draw a reasonable inference that actionable discrimination has occurred. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012). Plaintiff makes no allegation that her reassignment involved any material change in her compensation or in her responsibility. In fact, the underlying EEOC decision, which Plaintiff attached to the complaint, found that the reassignment was for less than three months and only for the purpose of permitting an investigation into the accusation of bullying to be completed. R. 1, Page ID#: 12.

It is well-settled that in adjudicating a motion to dismiss under Rule 12(b)(6) courts may consider documents attached to the complaint, items appearing in the record of the case or public records, so long as they are central to the claims contained in the complaint. *Smith v. Board of Trustees of Lakeland Community College*, 746 F. Supp. 2d 877, 889 (N.D. Ohio 2010) (citation omitted).

Accordingly, in considering the EEOC decision, it appears that the reassignment in this case was very short-term. In that regard, the Sixth Circuit in *Bowman v. Shawnee State University*, 220 F.3d 456, 462 (6th Cir. 2000) held that *de minimis* employment actions, such as short-term job reassignments without the loss of income, do not as a matter of law "rise to the level of a materially adverse employment decision."

Therefore, Plaintiff's hostile work environment claim, as well as the emotional distress and mental distress claims, fail.

B.  **Analysis of Defendant's Motion to Dismiss**

   1. **Sovereign immunity prevents this Court from having jurisdiction over Bryant's defamation claim.**

   "It is axiomatic that the United States may not be sued without its consent and

that the existence of consent is a prerequisite for jurisdiction." *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *see also Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). Absent a waiver of this immunity, a court lacks subject matter jurisdiction to hear claims against federal agencies. *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (citing *Reed v. Reno*, 146 F.3d 392, 397-98 (6th Cir. 1998)). This waiver "must be strictly construed, unequivocally expressed, and cannot be implied." *Warren v. Soc. Sec. Admin.*, No. 5:24-CV-1844, 2025 WL 268409, at *3 (N.D. Ohio Jan. 22, 2025) (citing *United States v. King*, 395 U.S. 1, 4 (1969)). If the plaintiff cannot identify such a waiver of sovereign immunity, "the claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

Bryant asserts a defamation claim in her complaint. (R. 1 Page ID#: 3-4). The merits of a defamation claim are governed by state tort law. *Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019). The United States has waived its sovereign immunity for certain tort claims through the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680. "If a case falls within the statutory exceptions of 28 U.S.C. § 2680, the court lacks subject matter jurisdiction." *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012) (quoting *Feyers v. United States*, 749 F.2d 1222, 1224 (6th Cir. 1984). Congress clearly excludes this waiver from applying to "[a]ny claim arising out of… libel [or] slander." 28 U.S.C. § 2680(h). Under Ohio law, "[t]here are two forms of defamation: slander and libel." *Weidman v. Hildebrant*, 2022-Ohio-1708, ¶ 19, *aff'd*, 2024-Ohio-2931, ¶ 19, 178 Ohio St. 3d 3; Ohio Rev. Code Ann. §

2739.01. Thus, the United States has not waived sovereign immunity for the defamation claim, and subject matter jurisdiction has been adequately challenged.

Despite having the burden of establishing subject matter jurisdiction after the challenge, Bryant provides no law to support jurisdiction. She relies upon 42 U.S.C. § 2000d-7(a)(1), claiming that "a State" cannot argue sovereign immunity against discrimination claims, but this is irrelevant to her defamation claim. Additionally, the United States is not "a State" under the meaning of the United States Code. While not defined in that section, "State" is defined consistently throughout the United States Code in a manner that excludes the United States. *See e.g.* 42 U.S.C. § 2000e(i). Bryant provides no other supporting law, so she has not demonstrated that the United States has waived its sovereign immunity for defamation.

Having no jurisdiction to hear it, this Court dismisses Bryant's claim of defamation.

2. **Bryant's failure to exhaust administrative remedies bars her bonus-related discrimination and retaliation claims.**

Federal employees must pursue all available administrative remedies before resorting to the courts for Rehabilitation Act claims. *Steiner v. Henderson*, 354 F.3d 432, 434-35 (6th Cir. 2003) ("Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of rigorous administrative exhaustion requirements and time limitations."); *see also Bryant v. Wilkie*, 834 Fed. Appx. 170, 173 (6th Cir. 2020), (citing *Smith v. U.S. Postal Serv.*, 742 F.2d 257, 262 (6th Cir. 1984)) (clarifying that the exhaustion requirement of Title VII also applies to Rehabilitation Act claims). Exhaustion of administrative remedies is a condition precedent to suing in federal court and is "like a statute of limitations." *Mitchell v. Chapman*, 343 F.3d 811,

819-820 (6th Cir. 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982); *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998).

The first administrative step federal employees must take is to contact an EEO counselor within 45 days of the date the discrimination occurred. 29 C.F.R. § 1614.105(a)(1). The employee then can accept alternative dispute resolution or file a formal complaint within 15 days of receiving notice of her right to do so. 29 C.F.R. § 1614.105(d); 29 C.F.R. § 1614.106(b). After the complaint is filed, the agency has 180 days to complete its investigation and cannot extend this without the employee's express written consent. 29 C.F.R. § 1614.108(a), (e). While the investigation is ongoing, the employee may amend their complaint "to include issues or claims like or related to those raised in the complaint." 29 C.F.R. § 1614.106(d). These amendments, if they are new charges, are treated the same as the original charges under 29 C.F.R. § 1614.105(a)(1) and must be filed within 45 days of the occurrence of the underlying events. If those new charges are not filed within that period, the employee is permanently foreclosed from meeting the statutory prerequisites; she cannot exhaust her administrative remedies in order to meet the condition precedent to having her claim heard in federal court. *Mitchell*, 343 F.3d at 820.

While there is a "general rule" that a plaintiff cannot bring claims in a lawsuit different from those included in her EEOC complaint, courts liberally construe their *pro se* EEOC complaints and "consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge" *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010). Claims are reasonably related "where facts related with respect to the charged claim would prompt the EEOC to investigate a different,

uncharged claim." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) (quoting *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

Bryant claims that she heard about the distribution of the $2,500 bonus on August 17, 2021. R. 1 Page ID#: 4. She had 45 days from that date to contact an EEO counselor about that occurrence, or until October 1, 2021. 29 C.F.R. § 1614.105(a)(1). Not only did she not try to amend her complaint until December 20, 2021 (R. 8 Page ID#: 58), but Bryant's first contact with the EEO counselor did not occur until October 7, 2021. R. 1-2 Page ID#: 9. Thus, her claim based on the $2,500 bonus was untimely asserted to the EEOC under 29 C.F.R. § 1614.105(a)(1) and so she is time-barred from asserting it here. *Mitchell*, 343 F.3d at 820.

Bryant's original complaint alleged that she was reassigned to work in another department and subjected to a hostile work environment after a co-worker accused her of making threats. R. 1-1 Page ID#: 9. An alleged prior denial of a monetary bonus is not factually related to those claims and could not fall within the expected scope of the agency's investigation. *Weigel*, 302 F.3d at 380. Leniency towards claims that could "grow out of" Bryant's charges does not excuse her from failing to allege discrete events which occurred not only prior to filing, but prior to the incidents she did name. *Younis*, 610 F.3d at 361-62; *McFagdon v. Fresh Mkt., Inc.*, 2005 WL 2768996, 2005, at *3 (W.D. Tenn. Oct. 21, 2005) (citation omitted).

Bryant's failure to initiate contact with an EEO counselor about her bonus-related claim before October 1, 2021, is fatal for that charge. Bryant's failure to comply with the requirement to timely exhaust administrative remedies leaves her bonus-related claim permanently barred. *Steiner*, 354 F.3d at 434-35; *Mitchell*, F.3d at 820. Because Bryant

has not met the condition precedent to bring discrimination and retaliation claims related to the alleged denial of a bonus, which she learned of on August 17, 2021, those claims are dismissed.

## CONCLUSION

For the reasons stated, Defendant's Partial Motion to Dismiss (R. 7) is hereby GRANTED and by extension all of Plaintiff's claims and this action are DISMISSED.

IT IS SO ORDERED.

Date: September 30, 2025

/s/ *David A. Ruiz*
David A. Ruiz
United States District Judge